USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE M. WILLIAMS,

     Petitioner,

v.

SUPERINTENDENT THOMAS LEVALLY,

     Respondent.

---

No. 12-CV-8164 (KMK)

ORDER ADOPTING REPORT &
RECOMMENDATION

Appearances:

Willie M. Williams
Fallsburg, NY
*Pro se Petitioner*

John James Sergi, Esq.
Lisa Marie Denig, Esq.
Westchester County District Attorney's Office
White Plains, NY
*Counsel for Respondent*

KENNETH M. KARAS, District Judge:

## I. Background

Petitioner filed a habeas petition ("Petition") in November 2012, seeking relief under 28

U.S.C. § 2254.[1] (*See* Pet. (Dkt. No. 2).) Respondent filed a Memorandum of Law opposing the

Petition in March 2013. (*See* Dkt. No. 11.) In June 2013, Petitioner filed a Motion seeking

summary judgment on issues that he claims he raised in his Petition but that Respondent did not

address in his Memorandum. (*See* Pet'r's Aff. (Dkt. No. 30) ¶ 8.) In the alternative, Petitioner

---

[1] The factual and procedural background surrounding Petitioner's conviction is recounted in Magistrate Judge Smith's Report and Recommendation. (*See* Report & Recommendation ("R&R") (Dkt. No. 39) 1–13.) The Court does not find it necessary to revisit that discussion here, but will instead refer to the R&R's account where necessary.

seeks leave to amend his Petition to add twelve claims for relief. (*See id.*; *see also* Am. Appl. for Habeas Relief ("Am. Pet.") (Dkt. No. 29).)

On February 27, 2014, Magistrate Judge Smith issued a Report & Recommendation ("R&R") wherein she recommended that the Court grant Petitioner's Motion in part and deny it in part. (*See* Report & Recommendation ("R&R") (Dkt. No. 39) 33.) With respect to Petitioner's Motion for Summary Judgment, Magistrate Judge Smith recommended that the Court deny it based on her interpretation of the Petition "never [to have] asserted . . . the claims upon which [Petitioner] now seeks summary judgment." (*Id.* at 19 (internal quotation marks omitted).) With respect to Petitioner's Motion To Amend his Petition, Magistrate Judge Smith recommended that Petitioner be granted leave to add two claims, but she also recommended that the Court deny Petitioner leave to add the other 10 claims. (*Id.* at 33.) Of the latter claims, she found that amendment would be futile because one was without merit, (*id.* at 26), seven would be untimely and would not relate back to claims timely raised in the original Petition, (*id.* at 22–23, 30, 32–33), and two would be duplicative of claims already raised, (*id.* at 31).[2]

Petitioner filed objections on March 14, 2014. (*See* Resp. to R&R ("Objs.") (Dkt. No. 40).) Respondent has not objected to the portion of the R&R granting Petitioner leave to amend his Petition to add two claims. After a review of the R&R and Petitioner's objections, the Court adopts the R&R in full, grants Petitioner's Motion in part, and denies it in part.

---

[2] With regard to one claim, Magistrate Judge Smith found that it raised four subclaims, only three of which relate back to the original Petition. (*See* R&R 27–30.)

## II.  Discussion

### A.  Legal Standard

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rules of Civil Procedure 5(b)(2)(C)–(F), *see* Fed. R. Civ. P. 6(d), for a total of seventeen days, *see* Fed. R. Civ. P. 6(a)(2).

Where a party submits timely objections to a report and recommendation, as Petitioner has done here, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

### B.  Analysis

Petitioner objects to the R&R on two grounds. First, he disputes the R&R's conclusion that the Petition did not contain four of the claims that Magistrate Judge Smith found do not relate back to the original Petition. (*See* Objs. 2.) Second, he argues that, to the extent the R&R

3

denied Petitioner leave to add claims on the ground that the claims were untimely, he is entitled
to equitable tolling. (*See id.* at 3.) Neither of these arguments is availing.

In the Petition, which the Court notes is a fill-in-the-blank form, Petitioner completed
four sections allowing him to include "Grounds" for habeas relief. (*See* Pet. unnumbered 5–11.)
In each section, in the space provided for Petitioner to describe the specific ground, Petitioner
wrote, "See attached herewith." (*See id.*) Underneath the description section, in subsections
with information on the procedural history of the ground raised, the form asked Petitioner, "If
you appealed from the judgment of conviction, did you raise this issue?" (*See id.*) Petitioner
marked the box next to "No" for each ground. (*See id.*) In response to the question, "Did you
raise this issue through a post-conviction motion or petition for habeas corpus in a state trial
court," Petitioner marked "Yes" for each ground and included identical information for each
indicating that he raised it in his second coram nobis petition. (*See id.*) Among the documents
he attached to his Petition were his second coram nobis petition (which raised four arguments
based on an ineffective-assistance-of-appellate-counsel theory), the Appellate Division's denial
of that petition, and the Court of Appeals' denial of leave to appeal the Appellate Division's
decision. (*See* Pet.) But Petitioner also attached the Memorandum of Law he submitted in the
direct appeal of his conviction, wherein he raised four different arguments. (*See id.*) Petitioner
argues that the Petition raised a total of eight grounds—the four grounds in his second coram
nobis petition and the four grounds in his direct appeal. (*See* Pet'r's Aff. ¶ 12.)

In his Motion, Petitioner claims that his Petition "was put together 'on the fly,' by
attaching a copy of [his] appellate counsel's brief and [his] coram nobis application . . . with
specific notations in the 'grounds raised' section[s] . . . to incorporate them." (Pet'r's Aff. ¶ 6.)
Petitioner also asks the Court to hold his pleading to a "less stringent standard[] than formal

4

pleadings drafted by lawyers" because he is proceeding pro se. (Objs. 1–2 (internal quotation marks omitted).) However, even under a liberal construction of the Petition, the Court finds that it did not raise the four grounds raised in the direct-appellate brief. There were only four "Grounds" sections in the Petition, but Petitioner did not indicate in the Petition an intent to raise any grounds aside from those four. Within each "Ground" section, Petitioner specified that he raised the ground in his second coram nobis petition, and he further specified that he did *not* raise it on his direct appeal. Moreover, as the R&R noted,

> Petitioner's argument that he meant to include [the four] additional claims but did so ineptly is belied by the fact that he was able to clearly incorporate the claims raised in his second coram nobis application by reference, and that he restated such arguments and their supporting facts in a detailed attachment, which appears to have been prepared specifically to support the Petition.

(R&R 18.) The Court agrees, and therefore it denies Petitioner's Motion insofar as it seeks to interpret the Petition to have alleged the four claims he raised on direct appeal. The Court also agrees with Magistrate Judge Smith's conclusion that the putative claims Petitioner seeks to add do not relate back to the four claims included in his Petition, as they do not involve the same "common core of operative facts," even if they involve supposed deficiencies in his appellate counsel's performance. *See Ozsusamlar v. United States*, Nos. 10-CV-6655, 02-CR-763, 2013 WL 4623648, at *4 (S.D.N.Y. Aug. 29, 2013) ("Although both sets of claims assert that counsel provided ineffective assistance, it is not sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original [petition]." (internal quotation marks omitted)); *Veal v. United States*, Nos. 01-CV-8033, 97-CR-544, 04-CV-5122, 2007 WL 3146925, at *4 (S.D.N.Y. Oct. 9, 2007) (same), *aff'd*, 334 F. App'x 402 (2d Cir. 2009). The fact that Petitioner proceeds pro se does not change the result. *See Ozsusamlar*, 2013 WL 4623648, at *4 (rejecting relation-back claims of pro se petitioner).

5

Petitioner next objects to the R&R's conclusion that leave to amend his Petition to add certain claims would be futile because the claims that do not relate back to the Petition would be untimely, arguing that he is entitled to equitable tolling. Specifically, Petitioner argues that, in filing the Petition, "he requested the assistance of an inmate Law Library Assistant to as[s]ist him in better preparing his habeas application," but the Assistant "neglected petitioner's case and took advantage of petitioner, who at the time was mentally incapacitated as a result of his addiction to" two prescription drugs he had been taking under the supervision of prison doctors. (Objs. 3.)

The Supreme Court has acknowledged that there may be circumstances justifying equitable tolling of the AEDPA limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[W]e therefore join the Courts of Appeals in holding that § 2244(d) is subject to equitable tolling."); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (reaffirming that equitable tolling of AEDPA's limitations period is appropriate in certain circumstances). For equitable tolling to be available, a petitioner must establish two elements: first, "'that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland*, 560 U.S. at 649; and, second, "that he has been pursuing his rights diligently," *id.*

Here, Petitioner fails to demonstrate an "extraordinary circumstance." First, the Court need not even consider this argument, because Petitioner raised it for the first time in his objections to the R&R. *See Pagan v. Westchester Cnty.*, No. 12-CV-7669, 2014 WL 982876, at *3 (S.D.N.Y. Mar. 12, 2014) (declining to consider arguments raised in objections but not in pleadings before the magistrate judge); *Grant v. Bradt*, No. 10-CV-394, 2012 WL 3764548, at *4 (S.D.N.Y. Aug. 30, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not

6

raised, and thus were not considered, by the magistrate judge." (internal quotation marks omitted)).[3]  Second, Petitioner's claim is wholly unsubstantiated.  Although he attaches to his objections a number of documents indicating that he was on medication and that he has filed grievances related to his medical treatment, he offers no evidence regarding his relationship with the inmate Law Library Assistant.  For example, it is unclear how the Law Library Assistant "took advantage" of Petitioner, much less how he did so in a way that would merit equitable tolling.  *Cf. Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (noting that, among the "limited number of circumstances that may merit equitable tolling" are circumstances "where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary").  Finally, Petitioner's claim is nonsensical.  Petitioner does not explain how, despite the advantage-taking Law Library Assistant and Petitioner's alleged mental incapacitation, he was nevertheless able to file a Petition alleging four grounds for habeas relief.  Petitioner therefore fails to meet the "high bar" the Second Circuit has set "to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).

## III. Conclusion

For the foregoing reasons, the Court adopts Magistrate Judge Smith's R&R in full.  It therefore denies Petitioner's Motion in part and grants it in part.  Petitioner is granted leave to submit an amended petition alleging the same four claims he raised in his original Petition (i.e., the four claims he raised in his second coram nobis petition), the eighth claim in his proposed

---

[3] In his Motion seeking leave to amend, Petitioner argued only that he should be allowed to amend his Petition because he claims there is "confusion as to the exact issues which are being raised," and because "[e]ach of the issues in [his] amended application are [sic] derived from the facts articulated in [his] original habeas application attachments." (Pet'r's Aff. ¶¶ 15, 17.) He now raises an equitable-tolling argument only after Magistrate Judge Smith found, contrary to Petitioner's assertion, that not all of his claims relate back to the Petition.

7

amended petition, (*see* R&R 30–31), and the parts of the sixth claim in his proposed amended

petition that the R&R found relate back to the original Petition, (*see id.* at 27–28).  The Clerk of

Court is respectfully requested to terminate the pending Motion.  (*See* Dkt. No. 29.)

SO ORDERED.

DATED:      March  31  , 2014
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

8